BOURQUE, APPELLANT, *v.*
BOURQUE, APPELLEE. ▌

285

(No. CA86-03-016—Decided December 31, 1986.)

*Stephanie Wyler Linder,* for appellant.

*Gary A. Rosenhoffer,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

On April 22, 1983, Linda Bourque, plaintiff-appellant, and Roy P. Bourque, defendant-appellee, entered into a separation agreement. Three days later, on April 25, appellant filed a complaint for divorce in the Court of Common Pleas of Clermont County. Upon appellee's failure to answer the complaint, the court granted a default divorce to appellant on June 17, 1983 incorporating the separation agreement into the final decree.

Appellee attempted to set aside the decree on April 23, 1984. In granting appellee's motion for relief from judgment pursuant to Civ. R. 60(B)(5), the court reasoned that relief was justified because (1) the referee's report did not contain any facts to support his conclusions and (2) the trial court improvidently signed the entry approving the referee's report within five days of the hearing in violation of Civ. R. 53. The divorce decree was therefore vacated and appellee was given leave to file his responsive pleadings.

Subsequently, on February 25, 1985, a full hearing upon the merits of the pleadings was held before a referee. Thereafter, the referee filed a report to which both parties objected. The trial court overruled both parties' objections and the divorce decree was entered on February 11, 1986.

From this decree, appellant raises three assignments of error:

First Assignment of Error:

"The trial court erred to the substantial prejudice of appellant in granting appellee's motion for relief from judgment."

Second Assignment of Error:

"The trial court erred to the substantial prejudice of appellant in awarding interest on appellee's portion of the tax refund, and in refusing to reimburse appellant for life insurance premiums paid."

Third Assignment of Error:

"The trial court erred to the substantial prejudice of appellant when it awarded to each party a portionate [*sic*] share in the pension plan of the other party."

Appellee, in his cross-appeal, raises the following as his sole assignment of error:

"Where a separation agreement is found to be incomplete, inequitable, or tainted by fraud, the trial court errs by refusing to set aside the separation agreement in toto and thereafter proceeding de novo."

For her first assignment of error, appellant contends that the trial court erred in granting appellee's motion for relief from judgment pursuant to Civ. R. 60(B)(5). Appellant did not appeal this order but waited for a second divorce decree to be entered.

The law in Ohio is clear that "[a]n order vacating a judgment under Civ. R. 60(B) is a final appealable order, and an appeal therefrom must be taken within 30 days. * * *" *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, 10 O.O. 3d 227, 382 N.E. 2d 1179, paragraph four of the syllabus; *Ashley* v. *Ashley* (1981), 1 Ohio App. 3d 80, 81, 1 OBR 359, 360-361, 439 N.E. 2d 911, 913.

Appellant failed to bring a timely appeal within thirty days of the order granting the Civ. R. 60(B) motion as is required by App. R. 4(A). Therefore, appellant is barred from assigning as error the trial court's order setting aside the original divorce decree.

The first assignment of error is accordingly overruled.

Appellant's second and third assignments of error and appellee's assignment of error on the cross-appeal all concern the division of the marital property with regard to the parties' separation agreement. Therefore, they will be discussed together.

Appellee argues in his cross-appeal that the trial court erred in refusing to set aside the original separation agreement and in failing to make a property division independent of the agreement. Appellee's basis for arguing that the separation agreement is invalid rests on the principle that a separation agreement merges into the divorce decree. Therefore, appellee contends, the invalidation of the first divorce decree acts to invalidate the incorporated separation agreement.

It is true that a separation agreement adopted by the court in a divorce action merges with the final decree.

The purpose behind this rule, however, is to enforce the agreement's terms not by contract, but by decree. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413.

This rule has only prospective application. If a divorce decree subsequently is invalidated, the parties are put in the same position they were in before the decree was entered. Since the parties' separation agreement was a binding and enforceable contract before the first decree was entered, it remains enforceable even if the trial court later vacated the accompanying decree. The trial court therefore did not err in using the original separation agreement as a basis for the parties' property division in the present action.

In her second and third assignments of error, appellant argues that the trial court erred in changing certain provisions of the separation agreement. Specifically, appellant contends that the court erred in awarding interest on appellee's portion of a tax refund and erred in refusing to reimburse appellant for life insurance premiums.

The record shows that appellant's and appellee's copies of the separation agreement contained discrepancies with regard to the above matters. The court, in interpreting the agreement, relied on appellee's copy to divide the property. From the record, it appears that this interpretation was reasonable since appellant drew up the agreement and the court could find no alteration of the terms on appellee's copy. The trial court did not abuse its discretion, therefore, in ordering the property division based on appellee's copy of the separation agreement.

Appellant also argues that the trial court erred in awarding to each party a proportionate share of each other's pension fund when the agreement stated that the parties would keep their own pension "free and clear of

any claims thereon by the other." Appellee, in his cross-appeal, contends that the trial court erred in failing to void the separation agreement because the agreement omitted a material asset of the parties and because appellant failed to disclose this asset when the agreement was signed.

Unlike a separation agreement made pursuant to a dissolution under R.C. 3105.61, a trial court in a divorce action has discretionary authority to modify the parties' agreement. This principle was summarized by the Court of Appeals for Cuyahoga County as follows:

"When parties enter into a separation agreement and submit the agreement to the court at the time of trial in a divorce or alimony only action, the trial court has one of several options.

"The first is that it can find the separation agreement fair, just, and reasonable or equitable, and incorporate it by reference so that it becomes part of the decree. * * * The court's second option is to reject some of the terms of the separation agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the decree. * * * The third alternative is for the trial court to reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint * * *." (Citations omitted.) *Greiner* v. *Greiner* (1979), 61 Ohio App. 2d 88, 99, 15 O.O. 3d 95, 102, 399 N.E. 2d 571, 578.

The trial court found that, at the time the separation agreement was entered into, appellant had a vested interest in her pension fund valued in excess of $20,000. Because the court found that appellant did not disclose this information to appellee, the court determined that it was fair and equitable to divide the parties' pension interests between themselves. Upon reviewing the record, we hold that the trial court did not abuse its discretion in modifying the pension fund provision of the parties' separation agreement.

Therefore, appellant's second and third assignments of error and appellee's assignment of error on the cross-appeal are overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and NICHOLS, J., concur.

JONES, J., concurs separately.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment.

JONES, J., concurring separately. I believe the motion for relief from judgment pursuant to Civ. R. 60(B)(5) was improvidently granted. The grounds asserted in such motion were wholly insufficient to permit the court to set aside the divorce. Nevertheless, such error was not preserved when appellant failed to timely appeal the granting of the Civ. R. 60(B)(5) motion. I write separately to express my opinion that this case should not be considered as precedent for the granting of motions for relief from divorce judgments simply because the trial court approves a referee's report within five days of the hearing. Civ. R. 53, as amended, clearly permits an aggrieved party to file objections to the referee's report though prematurely approved by the trial judge.