WELLY, APPELLANT, *v.*
WELLY, APPELLEE.

(No. WMS-88-4—Decided
September 9, 1988.)

*John E. Zimmerman,* for appellant.

*Steven R. Bird,* for appellee.

*Per Curiam.* This matter is before the court on appeal from the judgment of the Williams County Court of Common Pleas dated February 17, 1988, granting appellant a divorce and determining custody, child support, and the property division.

Appellant, Douglas D. Welly, filed a complaint for divorce on October 16, 1986. After extensive negotiations, the parties were able to come to an agreement with regard to all issues in dispute except the division of appellant's interest in his company's profit-sharing plan and trust. It was agreed that this final issue would be submitted to the court for determination. The separation agreement was executed January 23, 1987, and the court then heard testimony regarding the profit-sharing plan. The court resolved this dispute by modifying the separation agreement so that appellee Ruth A. Welly was awarded the entire proceeds from the sale of the marital residence instead of half as agreed to by the parties and awarded appellant the entire interest in his retirement plan.

Appellant objected to the court's ruling regarding the property division and filed this appeal asserting two assignments of error which we will discuss together:

"I The Trial Court substantially and prejudicially erred to Plaintiff-Appellant's detriment in failing to decide the sole issue before the court, regarding the profit sharing/retirement plan, independent and exclusive of the contents of the separation agreement signed by the parties, as stipulated by the parties.

"II The Trial Court abused its discretion and committed reversible error in modifying a provision of the separation agreement (*i.e.* division of real estate proceeds) which was *not* the stipulated issue before the court."

Appellant argues that the trial court abused its discretion by modifying the separation agreement when the only issue before the court was how the interest in the retirement plan should be divided. It is appellant's contention that the court cannot modify the separation agreement unless it first finds the division agreed upon is unfair or inequitable.

Relying upon the authority of *Greiner* v. *Greiner* (1979), 61 Ohio App. 2d 88, 15 O.O. 3d 95, 399 N.E. 2d 571, and *Bourque* v. *Bourque* (1986), 34 Ohio App. 3d 284, 518 N.E. 2d 49, the trial court held that it could modify the separation agreement so as to include in the divorce decree those portions it found to be equitable and make an independent ruling on the remaining issues.

The *Greiner* case addressed the issue of whether or not a separation agreement prepared in anticipation of a dissolution was ever incorporated into a later divorce decree. The main issue in that case was whether the separation agreement had merged into the decree or retained its character as a valid and binding contract. The court discussed the options available for incorporating a separation agreement into a divorce decree as follows:

"* * * [I]t can find the separation agreement fair, just, and reasonable or equitable, and incorporate it by reference so that it becomes a part of the decree. * * * *[It can] reject some of the terms of the separation agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the decree.* * * * [It can] reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint. Lastly, the trial court may acknowledge the existence of a separation agreement, identify it and attach it to the decree, without incorporating it by reference. Under these circumstances,

the trial court has not repudiated or rejected the separation agreement, nor has it found the agreement fair, just, and equitable and incorporated it into the decree. It has merely acknowledged the separation agreement and attached it as an exhibit." *Greiner*, at 99, 15 O.O. 3d at 102, 399 N.E. 2d at 578. (Citations omitted.) (Emphasis added.)

Appellant attempts to distinguish the *Greiner* case from the one at bar on the grounds that *Greiner* involved a dissolution and incorporation of a separation agreement into the decree. The first part of appellant's argument is simply wrong. The *Greiner* case involved a divorce action, not a dissolution. Second, the option of accepting the terms of the separation agreement in part and making independent rulings on the remaining issues is exactly the issue raised in the case *sub judice*. Therefore, we find the *Greiner* case is directly on point with the case before us.

The *Bourque* case involved the modification of a separation agreement after the court found that one party failed to disclose a material asset. The parties originally agreed to retain their own retirement plan assets. The court found, however, that this was inequitable in light of the fact that one plan was later found to be worth considerably more than the other. Therefore, the court modified the separation agreement to rectify this inequity.

Appellant argues that the *Bourque* case is distinguishable from the case *sub judice* because there was full disclosure in the case *sub judice*. However, the court below specifically found that the separation agreement was signed without an accurate evaluation of the value of the interest in the profit-sharing plan and trust. Therefore, as in the *Bourque* case, the court below had to modify the separation agreement to equitably divide the marital property.

Appellant also argues that the trial court must accept the agreement of the parties and relies upon our decision in *Koontz* v. *Koontz* (Sept. 27, 1985), Wood App. No. WD-85-18, unreported. That case, however, is distinguishable because the parties in that case presented their agreement orally during the hearing and the court's judgment entry did not reflect their agreement. In the case before us, the parties' written agreement was intentionally modified by the court to make it equitable in light of the information gained from the hearing which was not known by the parties when they executed the agreement.

Furthermore, a court may either divide the interest in a retirement plan or award it entirely to one party depending upon what would be equitable under the circumstances. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 20 O.O. 3d 318, 421 N.E. 2d 1293; *Miller* v. *Miller* (Jan. 16, 1987), Lucas App. No. L-86-011, unreported; *Grant* v. *Grant* (Oct. 2, 1985), Wood App. No. WD-84-78, unreported. Therefore, in order to succeed in this action, appellant must demonstrate that the trial court abused its discretion in granting a lump sum settlement, rather than dividing the interest in the profit-sharing plan. This requires a showing that the court's action was "unreasonable, arbitrary, or unconscionable." *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

Appellant argues that the court abused its discretion because the separation agreement was designed to provide him with the cash necessary to pay for his children's educations currently and in the future and the court's ruling interferes with his ability to accomplish this. He argues that each term of the agreement was *quid pro*

*quo* for another and that the court should not change one provision without giving appellant the opportunity to renegotiate the remainder.

However, the record reflects that the court was aware of the appellant's desire to pay for his children's educations. The court also noted that appellant was not legally obligated to do this. At the hearing, appellant stated that he thought he should be awarded the entire interest in the retirement fund to pay for his children's educations even though he now argues that he needs the cash proceeds from the sale of the home to meet his "obligation." In addition, there is nothing in the separation agreement which reflects that one term was bargained away for another since it basically divides all the marital property on an equal basis.

Therefore, we find that appellant has failed to show that the trial court abused its discretion in modifying the separation agreement to make a fair and equitable division of the marital property.

Having so found, we find all of appellant's assignments of error not well-taken. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

CONNORS, HANDWORK and GLASSER, JJ., concur.