DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Rhea Hootman appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.
John Hootman, Rhea Hootman's husband, and his business partner were the owners of a parcel of land known as 15853 Quarry Road in Pittsfield Township, Lorain County, Ohio. When the partnership began experiencing difficulties, Mr. Hootman and his partner conveyed title to the parcel to Mrs. Hootman's parents, Wayne and Lucy Smith, who assumed the mortgage. The Hootmans apparently resided on the property after that time.
In 1992, the appellees, Ronald and Jane Fryman, approached the Hootmans about purchasing the parcel. The Frymans contend that the Hootmans represented themselves as the titled owners of the property; the Hootmans claim that they told the Frymans that the Smiths were the titled owners. The Frymans and Hootmans entered into a contract for the sale of the property in August 1992. Under the contract's terms, the Frymans paid $5,000 as a down payment, signed a cognovit note for $37,000, and agreed to assume the existing mortgage on the property. The contract also stated that if the Frymans were unable to assume the mortgage within a year, the contract would lapse.
As the Frymans attempted to assume the mortgage, they learned that the Smiths were the true titled owners of the property. Thereafter, the Frymans entered into a contract with the Smiths for the sale of the property in December 1993. Under the contract with the Smiths, the Frymans paid $5,000 as a down payment and agreed to assume the existing mortgage. The Frymans made no payments on the cognovit note.
When the cognovit note was not paid, Mrs. Hootman filed an action on the cognovit note in the Lorain County Court of Common Pleas in February 1995, and judgment was confessed against the Frymans. The Frymans learned of the lien against the property while attempting to refinance and moved for relief from judgment under Civ.R. 60(B) in June 1995. The trial court granted the Frymans' motion on July 26, 1995; the Frymans then answered the complaint and counterclaimed for fraud. Mrs. Hootman moved for summary judgment, and the Frymans cross-moved for summary judgment. The trial court denied both motions.
The parties agreed to send the action to arbitration pursuant to local court rule. After a hearing, the arbitrators found for the Frymans on Mrs. Hootman's claim and for Mrs. Hootman on the Frymans' counterclaim. Mrs. Hootman appealed the arbitrators' decision to the trial court, and a bench trial was held on the morning of June 24, 1997. The Frymans, the Hootmans, and Mr. Smith were the only witnesses. The trial court issued its decision later that same day, likewise finding for the Frymans on Mrs. Hootman's claim and for Mrs. Hootman on the Frymans' counterclaim. Mrs. Hootman now appeals to this court.
Mrs. Hootman asserts three assignments of error. We address each in turn.
 I. It was error to grant Appellee [sic] relief from judgment ontheir cognovit note allowing them unjust enrichment.
In her first assignment of error, Mrs. Hootman argues that the trial court improperly granted the Frymans' Civ.R. 60(B) motion. However, we are unable to address this assignment of error. An order granting a Civ.R. 60(B) motion is a final, appealable order, and any appeal must be undertaken within thirty days of the order. Bourque v. Bourque (1986), 34 Ohio App.3d 284,286. If an appeal is not brought within that time, a litigant is barred from raising the issue of the vacation of the order on a subsequent appeal. Id. In the case at bar, the trial court vacated the judgment against the Frymans on July 26, 1995; no appeal was taken from that order. Therefore, Mrs. Hootman is barred from raising the propriety of the trial court's order in the present appeal. Mrs. Hootman's first assignment of error is overruled.
 II. It was error to require a written agreement between Appellantand her parents to establish the trust agreement and herauthority to sell her equity in the property; and to excludeoral testimony concerning the trust and her authority to sellthe property.
In her second assignment of error, Mrs. Hootman argues that the trial court should not have excluded oral testimony dealing with an alleged oral trust. Mrs. Hootman asserts that testimony by herself, Mr. Hootman, and her father, Mr. Smith, would have shown that the Smiths held title to the property but orally created a trust, with the Smiths as the settlors and beneficiaries and the Hootmans as the trustees. Mrs. Hootman claims that this trust gave her and her husband authority to convey the property to the Frymans even though the Hootmans were not the titled owners.
At trial, counsel for Mrs. Hootman attempted to elicit testimony regarding this issue from Mr. and Mrs. Hootman and Mr. Smith. The trial court sustained objections to the line of questioning but offered to allow counsel to proffer into the record at the next break what testimony would have been offered. However, no proffer appears in the record.
We find that Mrs. Hootman has not preserved this issue for our review. In order for this court to review the propriety of the exclusion of evidence, the party claiming prejudice must proffer into the record the substance of the excluded evidence. State v.Tait (Feb. 5, 1997), Lorain App. No. 96CA006339, unreported, at 5; Evid.R. 103(A)(2). Mrs. Hootman did not proffer into the record what the testimony regarding the oral trust would have been. Thus, we cannot determine whether she was prejudiced by the exclusion of the testimony. Accordingly, Mrs. Hootman's second assignment of error is overruled.
 III. It was error to disallow Appellant's Motion for Summaryjudgment [sic] on the cognovit note of Appellee [sic].
Mrs. Hootman argues in her third assignment of error that the trial court erred by denying her motion for summary judgment. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment isde novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. See Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
A cognovit note is "`a legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.'"Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850, quoting Dodick v. Dodick (Jan. 25, 1996), Cuyahoga App. Nos. 67385/67388, unreported, at 4. The cognovit note is a negotiable instrument. R.C. 1303.03(A); Meyers v. McGuire (1992), 80 Ohio App.3d 644,647.
As the makers and obligors of the cognovit note, the Frymans ordinarily would be obligated to make payment. However, "[t]he obligor may set up facts showing want or failure of consideration as a complete defense to an action by the obligee to enforce the obligation." 71 Ohio Jurisprudence 3d (1996) 235, Negotiable Instruments and Other Commercial Paper, Section 184. See, also, R.C. 1303.33(B). The Frymans adduced evidence in their response to Mrs. Hootman's motion for summary judgment that no consideration was given because the Hootmans had no interest in the property to convey to the Frymans. Viewing the evidence in a light most favorable to the Frymans, a genuine issue of material fact existed as to whether the Hootmans could enforce the cognovit note for want or failure of consideration. Therefore, the trial court properly denied Mrs. Hootman's motion for summary judgment. Mrs. Hootman's third assignment of error is overruled.
All of Mrs. Hootman's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution.
A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
QUILLIN, J., CONCUR