OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas. That court granted the parties, appellant, William E. Watson, M.D., and appellee, Beth Watson, a divorce; ordered a division of the marital assets and liabilities; awarded custody to appellee subject to visitation; and awarded child support. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following three assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT APPROVED THE JUDGMENT ENTRY WHICH DID NOT ACCURATELY REFLECT THE PARTIES' IN-COURT SETTLEMENT AGREEMENT BY ADDITION OF THE REQUIREMENT OF A `MUTUALLY AGREEABLE' RESPONSIBLE ADULT TO BE INVOLVED IN APPELLANT'S OUT-OF-STATE OR INTERNATIONAL TRAVEL WITH THE PARTIES' CHILDREN.
 "II. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT APPROVED THE JUDGMENT ENTRY WHICH DID NOT ACCURATELY REFLECT THE PARTIES' IN-COURT SETTLEMENT AGREEMENT BY ALTERING THE REQUIREMENT OF THE PARTIES' MUTUAL RESPONSIBILITIES REGARDING NOTIFICATION OF THE CHILDREN'S SUMMER SCHEDULES BEFORE APRIL FIFTEENTH.
 "III. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT APPROVED THE JUDGMENT ENTRY WHICH DID NOT ACCURATELY REFLECT THE PARTIES' IN-COURT SETTLEMENT AGREEMENT BY ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES TO APPELLEE SUBJECT ONLY TO VISITATION OF APPELLANT."
The facts relevant to this appeal are as follows. The parties were married on October 16, 1982. Two children were born as issue of the marriage: John Robert (d.o.b. December 11, 1985) and Lydia Claire (d.o.b. May 20, 1988).
On January 9, 1997, appellee filed a complaint for divorce. Appellant filed an answer and counterclaim on February 6, 1997. The case proceeded to final hearing on March 12, 1998. A settlement agreement was negotiated between the parties and read into the record at that hearing. Appellee's counsel was ordered to prepare a judgment entry. Appellant's counsel also prepared a judgment entry. A hearing was held on June 17, 1998 regarding the parties' dispute as to which judgment entry correctly reflected the parties' settlement agreement. No transcript of this hearing was submitted to this court. On August 10, 1998, the trial court entered its judgment entry. Appellant filed a notice of appeal on September 9, 1998.
As all three of appellant's assignments of error are related, this court will discuss them together. In all three assignments of error, appellant argues that the trial court abused its discretion when its judgment entry failed to reflect the parties' agreement. This court finds no merit in these assignments of error.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. (Citations omitted). As noted by the court in Focke v. Focke (1992), 83 Ohio App.3d 552, 555:
 "When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct." (Citation omitted.)
It is well settled that "[i]f the parties have entered into an agreement and the court finds that the agreement is fair, just and equitable, the court may incorporate the agreement into its journal entry and make it a part thereof." Popovic v. Popovic
(1975), 45 Ohio App.2d 57, 63-64. A trial court's authority to enforce in-court settlement agreements or to modify them out of equity is therefore clearly discretionary. Kelley v. Kelley
(1991), 76 Ohio App.3d 505, 509. Bourque v. Bourque (1986),34 Ohio App.3d 284, 287; R.C. 3105.011. As the court in Greiner v.Greiner (1979), 61 Ohio App.2d 88, 99, noted:
 "When parties enter into a separation agreement and submit the agreement to the court at the time of trial in a divorce or alimony only action, the trial court has one of several options.
 "The first is that it can find the separation agreement fair, just, and reasonable or equitable, and incorporate it by reference so that it becomes part of the decree. (Citation omitted.) The court's second option is to reject some of the terms of the separation agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the decree. (Citation omitted.) The third alternative is for the trial court to reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint. * * *"
In the case sub judice, after the parties entered into an in-court settlement agreement, it appears a dispute arose as to the agreement. When a party later disputes the terms of an agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms. Zigmont v. Toto (1988), 47 Ohio App.3d 181, 185. The trial court held a hearing and filed its own judgment entry. No transcript of the hearing was submitted.
The Ohio Supreme Court in Knapp v. Edward Laboratories,61 Ohio St.2d 197, 199, stated:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
Therefore, because appellant failed to submit a transcript of the hearing[1], this court will presume the validity of the trial court's actions. Thus, this court finds that the trial court did not abuse its discretion as asserted in appellant's assignments of error.
Accordingly, appellant's three assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Richard W. Knepper, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.
[1] See, App.R. 9(B) regarding appellant's duty to provide a transcript. See, also, App.R. 9(C) regarding alternatives if no transcript is available.