OPINION
Appellant William Hileman is appealing the decision of the Stark County Court of Common Pleas, Domestic Relations Division, regarding alleged discrepancies that exist between the settlement agreement placed on the record and the decree of divorce filed by the trial court on August 6, 1998. The following facts give rise to this appeal. On February 26, 1998, Appellee Pamela Hileman filed a complaint for divorce or legal separation. Appellant William Hileman filed his answer and counterclaim on March 11, 1998. Two children were born as issue of the marriage, however, at the time of these proceedings both children were emancipated. Appellant and Appellee were both employed by Hileman Trucking, Inc., the family operated business. During the marriage, the parties also started another business known as Billy Dome, Ltd. This matter proceeded to trial on July 8, 1998. Both parties arranged for expert witnesses to present testimony, at trial, concerning the value of the two family businesses. Following a short recess in the trial, the parties returned to the courtroom and indicated to the trial court they reached a settlement. Appellant's counsel proceeded to read the terms of the settlement agreement into the record. As part of the settlement, the parties agreed the trial court would have the sole discretion in dividing the parties' personal property and in deciding whether and in what amount attorney's fees would be awarded to appellee. On July 13, 1998, the trial court issued a judgment entry which divided the personal property and determined attorney's fees. On August 6, 1998, appellee's counsel submitted a divorce decree to the trial court which the trial court approved the same day. On August 7, 1998, appellant filed a motion requesting modification and clarification of the terms of the decree. Appellant filed a motion for new trial in a non-jury case on August 12, 1998 and a motion for relief from judgment, pursuant to Civ.R. 60(B), on August 18, 1998. On August 31, 1998, the trial court conducted a hearing, on the above motions, at which the parties presented oral argument. Thereafter, on September 8, 1998, the trial court issued a final judgment entry which allegedly modifies certain portions of the settlement read into the record by appellant's counsel. Appellant timely filed a notice of appeal as to the divorce decree filed on August 6, 1998 and final entry filed on September 8, 1998. By judgment entry, we consolidated both appeals. Appellant sets forth the following assignments of error for our consideration:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN APPROVING AND FILING THE DECREE OF DIVORCE WHERE THE DECREE OF DIVORCE PURPORTING TO STATE THE SETTLEMENT AGREEMENT OF THE PARTIES 1) HAD NOT BEEN APPROVED BY COUNSEL FOR THE APPELLANT, 2) WHERE THE DECREE OF DIVORCE DID NOT INDICATE THAT IT HAD BEEN SUBMITTED TO COUNSEL FOR APPROVAL PRIOR TO ITS FILING, 3) WHERE NO NOTICE OF FAILURE OF FILING REQUIRED BY LOCAL RULE 33.04 WAS MADE BY THE COURT, AND 4) WHERE THE DECREE OF DIVORCE VARIES THE TERMS OF THE SETTLEMENT READ INTO THE RECORD.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN APPROVING AND FILING THE DECREE OF DIVORCE WHERE THE DECREE OF DIVORCE MODIFIED THE TERMS OF THE SETTLEMENT AGREEMENT READ INTO THE RECORD AS THE SETTLEMENT AGREEMENT RELATED TO THE DIVISION OF THE PARTIES' MARITAL PROPERTY AND DEBT.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTIONS FOR NEW TRIAL AND FOR RELIEF FROM JUDGMENT AND IN FAILING TO CLARIFY THE DECREE OF DIVORCE TO STATE THE SETTLEMENT AGREEMENT OF THE PARTIES AS READ INTO THE RECORD ON JULY 8, 1998 AND ACCEPTED BY THE COURT AT THAT TIME.
 II
We will address appellant's Second Assignment of Error first as we find it dispositive of this matter on appeal. Appellant maintains, in his Second Assignment of Error, the trial court erred when it approved and filed the divorce decree which modifies the settlement agreement read into the record as it concerns the division of the parties' marital property and debt. We agree. Appellant sets forth six areas, in his brief, in which he claims the in-court settlement agreement differs from the divorce decree filed by the trial court. First, appellant claims the divorce decree includes a stipulation as to the value of the marital residence without indicating that the marital residence also includes Billy Dome, Ltd. Second, the divorce decree contains a provision, allegedly not contained in the in-court settlement agreement, that appellee would not be required to vacate the marital residence until she received the initial $45,000 property division. Third, the divorce decree includes a stipulation that Hileman Trucking, Inc. has a fair market value of $380,000, however, appellant claims no stipulated value was read into the record at the in-court settlement agreement. The divorce decree also provides a $75,000 non-modifiable spousal support award to appellee for her fair share of the value of said corporation and income derived therefrom. Fourth, appellant contends the divorce decree fails to specify that the $1,800 per month spousal support award would be subject to termination upon appellee's death or remarriage despite what the trial court stated on the record. Fifth, the divorce decree awards appellee an extensive list of personal property despite the trial court's statement, during the in-court settlement agreement, that it would independently determine the division of personal property. Finally, the divorce decree requires appellant to cooperate in submitting to a physical examination so as to permit appellee to purchase life insurance upon his life. Appellant maintains this requirement was also not contained in the in-court settlement agreement. Case law clearly provides that a trial court has discretionary authority to enforce in-court settlement agreements or to modify them out of equity. Kelley v. Kelley (1991), 76 Ohio App.3d 505, 509; Bourque v. Bourque (1986), 34 Ohio App.3d 284, 287; and R.C. 3105.011. "However, when a party later disputes the terms of the agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms." Waddell v. Waddell (Dec. 16, 1996), Butler App. No. CA96-03-056, unreported at 1-2, citing Zigmont v. Toto (1988), 47 Ohio App.3d 181, 185. The record in this matter indicates the trial court conducted a hearing, concerning the discrepancies between the in-court settlement agreement and divorce decree, at which the parties presented oral arguments. The trial court did not conduct an evidentiary hearing to address these alleged discrepancies. Accordingly, we remand this matter to the trial court for the trial court to conduct an evidentiary hearing concerning the alleged discrepancies that exist between the in-court settlement agreement and the divorce decree. Appellant's Second Assignment of Error is sustained.
We will not address appellant's First and Third Assignments of Error as we find them moot based on our disposition of appellant's Second Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P. J. Farmer, J., concurs. Edwards, J., concurs separately.