OPINION
Appellant Marianne Pritchard appeals the judgment of the Court of Common Pleas, Tuscarawas County, which granted her a divorce from Appellee Terry Rex Pritchard. The following facts give rise to this appeal. Appellant and appellee were married on October 31, 1980, in Dover, Ohio. Two children, Ty and Amanda, were born as issue of the marriage. On July 2, 1998, appellant filed a complaint for divorce. On October 20, 1999, the parties appeared before the magistrate indicating that an agreement to settle the case had been reached. Nonetheless, the parties were unable to complete and present a final agreed entry, necessitating another hearing before the magistrate on February 8, 2000. On that date, appellee's counsel told the court that appellant and appellee had conferred and drawn an agreed list of personal item division, including motor vehicles. Counsel further advised that the parties had agreed to divide equally "all accounts in financial institutions as of this date." Tr. I, at 10. Each counsel made further recitations regarding the status of remaining issues, after which the magistrate directed appellee's counsel to prepare an agreed judgment entry of divorce by the end of the day. Despite the admonition, however, no "agreed" entry resulted; rather, appellee's counsel submitted his proposed entry after appellant's counsel declined to approve it. The latter attorney instead made changes to the proposed entry and submitted the altered version. On February 9, 2000, the magistrate issued a six-page "magistrate's order/judgment entry" (sic), and accompanying exhibits, granting a divorce upon the grounds of incompatibility. Appellant filed an objection thereto on February 18, 2000. On March 8, 2000, the trial court judge issued an opinion wherein he corrected the nomenclature of the magistrate's ruling to "magistrate's decision," and declared that the court would issue a final judgment entry adopting, rejecting, or modifying the recommendations of magistrate. On March 14, 2000, the trial court judge overruled the appellant's objections and issued a final judgment entry of divorce, virtually identical to the magistrate's recommendation. Appellant timely appealed, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN NOT HOLDING A FULL EVIDENTIARY HEARING WHEN IT WAS CLEAR THAT THE PARTIES HAD NOT REACHED A FULL AGREEMENT REGARDS TO DIVISION OF MARITAL ASSETS AND THERE WAS NO AGREEMENT; THE JUDGMENT ENTRY WAS INCONSISTENT WITH THE AGREEMENT READ INTO THE RECORD.
Appellant contends that it was error for the court to issue a judgment entry without an evidentiary hearing when it is apparent that appellant and appellee had not reached a complete agreement as originally anticipated by the parties. We agree. Case law clearly provides that a trial court has discretionary authority to enforce in-court settlement agreements or to modify them out of equity. Kelley v. Kelley (1991),76 Ohio App.3d 505, 509, 602 N.E.2d 400; Bourque v. Bourque (1986),34 Ohio App.3d 284, 287, 518 N.E.2d 49; and R.C. 3105.011. "However, when a party later disputes the terms of the agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms." Waddell v. Waddell (Dec. 16, 1996), Butler App. No. CA96-03-056, unreported at 1-2, citing Zigmont v. Toto (1988),47 Ohio App.3d 181, 185, 547 N.E.2d 1208. In Hileman v. Hileman (July 26, 1999), Stark App. No. 1998CA00256, unreported, we cited the above authority in a situation where an ex-husband set forth several claims on appeal that the in-court settlement agreement differed from the divorce decree filed by the trial court. Similar to the matter sub judice, appellant asserted in one of the claims that a particular provision, specifically a stipulation as to the fair market value of one of the assets, was placed into the decree even though no stipulated value was read into the record at the in-court settlement agreement proceeding. Id. at 2. We found merit in the ex-husband's position and remanded for an evidentiary hearing. Id. Upon review of the record, we find the rationale of Hileman applicable, despite our practical concern that on two occasions the trial court below has been assured of settlement in this matter, to questionable avail. Appellant focuses on the language in the final decree which orders that "[a]ny and all other monies in either party's possession not in a bank account or financial institution as of this date shall remain the sole property of that particular party who retains said funds." Judgment Entry, March 14, 2000, at 8. We agree with appellant that the relevant settlement agreement portions read on the record before the magistrate pertain to funds in a financial institution, but nothing was clearly stated as to cash or other non-bank monies, as revealed in the following recitation by appellee's counsel: The financial assets, myself and Mr. Bond have gone to great lengths to review, ah, the various accounts and it was somewhat difficult because at times accounts had been moved to try and put an account or monies in where the best interest rate may be at a particular bank. What they have agreed to is that all accounts in financials institutions as of this date will simply be divided equally. And if the parties have an account that is drawing interest or something like an IRA or an annuity or something that has a maturity date, the parties certainly will try to let the maturity date come so they won't have to withdraw it and have penalties involved or tax consequences. But once those items become mature, each shall be entitled to one-half. So, we can lift the temporary restraining order as regards assets and the parties can go into these various institutions and each come out with one-half of any and all funds that exist once the maturity dates come to pass on each of those types of accounts.
Tr. I, at 10.
Accordingly, we remand this matter to the trial court for the trial court to conduct an evidentiary hearing concerning the alleged financial discrepancies that exist between the in-court settlement agreement and the divorce decree. The trial court may, in its discretion, strictly limit the evidence to the subject of undeposited cash or liquid assets at issue between the parties. Appellant's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J. Gwin, P.J., and Edwards, J., concur.