DECISION AND JOURNAL ENTRY
Appellant Jerry Hune ("Jerry") appeals from the judgment of the Court of Common Pleas of Lorain County, Domestic Relations Division, granting him a divorce from his wife, Nancy Hune ("Nancy"). We affirm.
 I.
On June 19, 1998, Nancy filed for divorce from her husband, Jerry, after fourteen and a half years of marriage. The couple separated in August 1997. At the time of the separation, the couple had three minor children: April, Jennifer and Colin. April remained with her father in the family home, while Jennifer and Colin moved into an apartment with their mother.
The parties were in agreement on issues regarding the divorce, child custody, distribution of assets and liabilities. Their proposed agreement provided that: 1) the parties would enter into a shared parenting agreement with Nancy being the residential parent for Jennifer and Colin, and Jerry being the residential parent for April; 2) Jerry would pay child support per the guidelines established under law; 3) Nancy would receive the total proceeds from the sale of the family home in the amount of $66,435.02; 4) Nancy would waive her right to spousal support and waive her interest in Jerry's pension with USS/Kobe Steel Co.; and 5) the parties would be individually responsible for their own debts.
The trial court did not accept the proposed agreement and the case went to trial on August 25, 1999. On December 27, 1999, the trial court granted a decree of divorce. However, the trial court found that the parties proposal that Nancy waive her right to spousal support and that she waive her interest in Jerry's pension plan was against the best interests of the children of the marriage. Furthermore, the court found that the best use of the proceeds from the sale of the house would be to reduce the couple's significant credit card debt.
The court ordered: 1) the parties to share parenting pursuant to the Shared Parenting Agreement; 2) Jerry to pay child support in the amount of $263.54 per month, per child; 3) Attorney Wirtz to distribute the proceeds of the house in the amount of $66,435 to the highest interest bearing accounts; 4) the parties to be individually responsible for the remaining balance due on credit cards listed in their name; 5) Jerry to pay spousal support in the amount of $1000 per month, for 60 months; and 6) Nancy be awarded half of the marital portion of Jerry's pension plan through USS/Kobe Steel Co.
Jerry filed a timely appeal with this court.[1]
 II.
Assignment of Error:
 WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ADOPT THE PARTIES [sic] AGREED JUDGMENT ENTRY.
In his sole assignment of error, Jerry argues that he and Nancy freely entered into their proposed agreement and that the trial court abused its discretion in refusing to adopt their proposal. We disagree.
In a domestic relations action, a trial court "has broad discretion in fashioning an equitable division of marital property." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. Thus, in considering a division of marital property, "a reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion." Briganti v. Briganti (1984), 9 Ohio St.3d 220,222. The term "abuse of discretion" connotes more than just an error of law or judgment; rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore, 5 Ohio St. 3d at 219.
"When the parties enter into a separation agreement and submit the agreement to the court at the time of trial in a divorce or alimony only action, the trial court has one of several options." Greiner v. Greiner
(1979), 61 Ohio App.2d 88, 99. One of those options is to reject some of the terms of the agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the divorce decree. Id; see, also, Bourque v. Bourque (1986),34 Ohio App.3d 284, 284. A close review of the record reveals that the trial court considered the separation agreement; nevertheless it implicitly rejected part of the separation agreement and made its own findings on the issues.
In the present case, Jerry argues that the court erred in refusing to adopt the agreement. He asserts that the evidence presented at trial indicated that both Nancy and himself entered into their agreement freely. At trial Nancy testified that she knew she was entitled to half of the marital assets. She also testified that she agreed to waive this legal right in the proposed agreement with Jerry.
We note that Nancy entered into an agreement to waive her interest in Jerry's USS/Kobe Steel pension without knowing the present day value of his pension. In a letter dated November 17, 1999, Jerry's pension was assessed at the present day value of $67,276.00. Jerry earned part of the pension before his marriage; therefore the amount subject to equitable distribution was $38,743.71. However, the portion available for equitable distribution would increase to $103,120.02 if Jerry continues to work for an additional 2.575 years.
Nancy testified that under the agreement she would receive the entire proceeds from the house, waive spousal support and waive interest in Jerry's USS/Kobe Steel pension and this agreement was fair leaving "both of us on equal ground as far as income and expenses." Under the proposed agreement Nancy intended to apply the $66,435 (house proceeds) to her debt. According to her calculations, after applying the proceeds from the house to her debts she would end up at parity with Jerry regarding debts and income. Without knowing the current total of Jerry's monthly expenses Nancy testified "[w]ith the money that I get from the house and pay down the debts, and with my income, my expenses would be close to [Jerry's] income, minus his child support, his expenses."
According to evidence presented at trial the couple had a combined debt in the amount of $179,350; $138,490 of the debt was in Nancy's name while $40,860 of the debt was in Jerry's name. Jerry's annual income was $50,000 and Nancy's annual income was $23,000. The court questioned Nancy and explored her understanding of the fairness of this agreement. This line of questioning revealed that after applying the house proceeds to her debt, Nancy would be $30,000 further in debt than Jerry and earning $13,000 less than Jerry.
We find that given the totality of the circumstances the trial court did not abuse its discretion in refusing to adopt the proposed agreement. The evidence presented at trial revealed that Nancy waived her interest in Jerry's USS/Kobe Steel pension without knowing the value of the pension. Nancy testified that she agreed to the proposed agreement based on her calculations, however these calculations did not include complete financial information. Nancy also waived her right to spousal support based on calculations that did not include Jerry's actual monthly expenses. We find there was a basis for the trial court's rejection of the proposed agreement.
"[T]he decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996), 110 Ohio App.3d 487, 491, citing Blakemore, 5 Ohio St.3d at 219. Because the court did not abuse its discretion in so determining, Jerry's single assignment of error is overruled.
The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.
[1] Appellee, Nancy, did not file a brief with this court.