[Cite as *Bright v. Mao*, 2026-Ohio-286.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| FOREST M. BRIGHT | : | |
| | : | C.A. No. 2025-CA-32 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 DR 0115 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| JU MAO | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 30, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, PRESIDING JUDGE

TUCKER, J., and HUFFMAN, J., concur.

JU MAO, Appellant, Pro se
DAVID S. PETERSON, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-appellant Ju Mao appeals from a judgment entry and decree of divorce of the Common Pleas Court of Greene County, Domestic Relations Division. For the following reasons, we affirm the judgment of the trial court.

## I. Procedural History

{¶ 2} In 2013, Mao married plaintiff-appellee Forest M. Bright in China. One child, a son, was born in November 2013 as issue of their marriage. In July 2018, the parties separated and Bright filed a complaint for legal separation in Greene C.P. No. 2018 DR 0167. The parties, represented by separate counsel, appeared in open court on June 13, 2019, and affirmed their intent to enter into a separation agreement. The written separation agreement was signed by both parties. On July 12, 2019, the trial court entered a final judgment entry and decree of legal separation granting the parties a legal separation on the grounds of incompatibility. The separation agreement was approved, adopted, and incorporated into the July 12, 2019 order. Bright was designated the legal custodian and residential parent of the minor child. Mao was granted parenting time in excess of the Greene County standard parenting time order. She was not required to pay any child support due to the extended parenting time she received. The separation agreement divided the parties' assets and liabilities, and the parties agreed to waive any right to spousal support. The separation agreement declared that spousal support could not be modified under any circumstance. Neither party filed an appeal from the July 12, 2019 judgment.

2

**{¶ 3}** In June 2022, Bright filed a complaint for divorce in Greene C.P. No. 2022 DR 0115. In his complaint, Bright requested that he be designated the temporary and permanent custodian of the parties' minor child, that Mao pay child support, and that the court adopt the 2019 separation agreement "with respect to the payment of spousal support and division of assets and liabilities."

**{¶ 4}** Mao filed an answer and counterclaim for divorce. In her counterclaim, Mao sought temporary and permanent custody of the parties' minor child, or in the alternative, an order for shared parenting "plus additional parenting time over and above parenting time listed in the Separation Agreement." Mao further requested an order "adopting and approving the parties' Separation Agreement with respect to the division of assets and liabilities." Mao requested child support but did not request spousal support.

**{¶ 5}** The contentious matter proceeded with numerous motions and hearings. The various motions and hearings relevant to this appeal will be addressed below. Although Mao was initially represented by counsel, she proceeded to represent herself during the majority of the case.

**{¶ 6}** While the divorce case was pending, Mao filed a complaint in the United States District Court for the Southern District of Ohio seeking to enforce Bright's contractual obligation, as her immigration sponsor, to provide a level of financial support in the amount of 125% of the applicable Federal Poverty Guideline. The suit was based on Bright having signed a Form I-864 Affidavit of Support of Mao's petition to become a permanent resident of the United States. On December 9, 2022, the district court issued a decision ordering Bright to make monthly financial payments to Mao in the amount of 125% of the Federal Poverty Guideline for a household of one ($1,416.00 at that time), minus her income for the immediately prior month. *Mao v. Bright*, 645 F.Supp.3d 805, 815 (S.D.Ohio 2022).

3

**{¶ 7}** On March 27, 2023, Mao filed a Civ.R. 60(B) motion in the divorce case to set aside the 2019 separation agreement. Mao separately filed a Civ.R. 60(B) motion in Case No. 2018 DR 0167 to set aside the July 12, 2019 judgment. The trial court overruled her motion in Case No. 2018 DR 0167.[1] Mao appealed the trial court's decision in Case No. 2018 DR 0167, but the appeal was dismissed for lack of prosecution.

**{¶ 8}** On December 11, 2024, the trial court ordered that Case No. 2018 DR 0167 be merged into 2022 DR 0115 for judicial economy solely as to all further parenting matters involving parental rights and responsibilities of the minor child. The court stated that the other issues previously addressed in the separation agreement (separation of assets and liabilities and spousal support) were unaffected by the order and were res judicata.

**{¶ 9}** On January 21, 2025, Mao filed a motion for shared parenting as well as a proposed shared parenting plan. A final contested hearing on the divorce was held on February 18, 2025.

**{¶ 10}** On June 30, 2025, the trial court issued a final judgment and divorce decree along with findings of fact and conclusions of law. Bright was designated the residential parent and legal custodian of the minor child, and Mao was granted extended parenting time. Mao was ordered to pay child support in the sum of $124.56 per month and cash medical support in the sum of $11.34 per month, plus a 2 percent processing charge. The divorce decree incorporated the portion of the separation agreement that had divided the parties' assets and liabilities. The trial court did not order either party to pay spousal support as the parties had waived any spousal support as designated in the separation agreement, and the parties' waiver was not subject to modification. Mao timely appealed.

---

1. Although the 2018 DR 0167 case is not in our record, the trial court, which was handling both cases, stated in Case No. 2022 DR 0115 that these events occurred.

4

## II. First Assignment of Error

{¶ 11} The first assignment of error states:

THE TRIAL COURT'S JUDGMENT IS VOID *AB INITIO* AS IT IS FOUNDED UPON PRIOR ORDERS OBTAINED THROUGH EXTRINSIC FRAUD, JUDICIAL COERCION, AND IN DIRECT CONFLICT WITH FEDERAL LAW, THEREBY VIOLATING THE FOURTEENTH AMENDMENT (DUE PROCESS) AND THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION.

{¶ 12} According to Mao, the trial court's judgment entry and decree of divorce that adopted the terms of the separation agreement is void ab initio because it was based on the void July 12, 2019 judgment.   We disagree.

{¶ 13} To the extent Mao argues that the July 12, 2019 judgment is void, that issue is precluded by res judicata.  "Res judicata ensures the finality of decisions."  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).  Res judicata "bars a party from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding."  *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am*., 2023-Ohio-3097, ¶ 15.  "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)."  *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 381 (1995).

{¶ 14} "Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit."  *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).  "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon

5

and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id*., citing *Whitehead v. Gen. Tel. Co*., 20 Ohio St.2d 108 (1969), paragraph two of the syllabus.

{¶ 15} Mao filed a Civ.R. 60(B) motion in Case No. 2018 DR 0167 arguing that the July 12, 2019 judgment adopting the separation agreement was void on the basis of duress, coercion, misrepresentation, and fraud. The trial court overruled the motion. Mao appealed to this court but failed to prosecute the appeal. Therefore, we dismissed her appeal. She now raises the same allegations that she raised in the Civ.R. 60(B) motion, as well as allegations that she could have raised in the Civ.R. 60(B) motion, to support her contention that the July 12, 2019 judgment was void. Res judicata precludes her from relitigating this issue.

{¶ 16} We also note that the divorce decree was not entirely based on the July 12, 2019 judgment. "During a divorce proceeding, if one or both parties submit a separation agreement to the trial court that was voluntarily entered into, R.C. 3105.10(B)(2) allows the court discretion to choose one of several options." *Robinson v. Robinson*, 1999 WL 1082656, *5 (2d Dist. Dec. 3, 1999). The trial court may: 1) adopt and incorporate the agreement so that it becomes part of the divorce decree; 2) reject some of the terms of the separation agreement and make an independent ruling on those issues; or 3) reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint. *Bourque v. Bourque*, 34 Ohio App.3d 284, 287 (12th Dist. 1986).

{¶ 17} Here, a final contested divorce hearing was held on February 18, 2025. On June 30, 2025, the trial court issued the final divorce decree. The trial court adopted and incorporated into the divorce decree the terms of the separation agreement as they related to the division of the parties' assets and liabilities. Both parties requested in their respective

6

pleadings that the trial court do this. "Under the invited error doctrine, 'a party will not be permitted to take advantage of an error which he himself invited or induced.'" *State v. Bey*, 85 Ohio St.3d 487, 493 (1999), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus. Therefore, Mao cannot now claim any error in the trial court's adoption of the division of the parties' assets and liabilities that was previously agreed to by the parties.

{¶ 18} The trial court also adopted the terms of the separation agreement related to the issue of spousal support. The July 12, 2019 judgment on the parties' separation set forth that neither party was required to pay spousal support and that the parties waived any spousal support. Bright's complaint for divorce requested the adoption of the July 12, 2019 judgment as it related to the issue of spousal support. Mao's counterclaim did not request spousal support. Nevertheless, on July 3, 2024, Mao filed a motion seeking temporary spousal support for three years. The trial court declined to order spousal support because the terms of the separation agreement, which were adopted in the July 12, 2019 judgment, explicitly provided that the parties waived the right for either party to acquire spousal support and that the waiver of spousal support "shall not be modifiable under any circumstances."

{¶ 19} While Mao claims she did not consent to the waiver of spousal support in the July 12, 2019 judgment, she did not file an appeal from the July 12, 2019 judgment and did not pursue an appeal of the denial of her Civ.R. 60(B) motion. Therefore, res judicata precludes her from relitigating this issue. Moreover, Mao's allegation that the waiver of spousal support was in conflict with the federal I-864 Affidavit of Support is erroneous. As the federal court stated, "[Bright's] financial obligations as [Mao's] immigration sponsor under federal law exist completely independent of any obligations to pay spousal support under state divorce laws." *Mao*, 645 F.Supp.3d at 810-811.

7

{¶ 20} Contrary to Mao's argument, the trial court did not adopt the rest of the 2019 separation agreement in its entirety and therefore was free to make its own independent rulings on the remaining issues, namely, the allocation of parental rights and responsibilities and child support, which it did. We cannot conclude on this record that the trial court's adoption of portions of the 2019 separation agreement into the final judgment entry and decree of divorce rendered the judgment void.

{¶ 21} Mao also challenges two orders issued in Case No. 2018 DR 0167—a 2018 emergency temporary custody order and a January 3, 2022 contempt order that imposed sanctions. Notably, the 2018 emergency temporary custody order was interlocutory in nature and merged into the July 12, 2019 judgment. Any arguments related to that order are moot. *In re J.L.R.*, 2009-Ohio-5812, ¶ 29 (4th Dist.). Likewise, a contempt order is a final, appealable order. *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 21. Mao should have filed an appeal within 30 days of the order, but she did not. These issues are not properly before this court and will not be considered.

{¶ 22} Mao's first assignment of error is overruled.

### III. Second Assignment of Error

{¶ 23} Mao's second assignment of error states:

THE TRIAL COURT COMMITTED STRUCTURAL ERROR BY DELIBERATELY PREVENTING THE CREATION OF A VERBATIM RECORD OF THE FINAL HEARING AND ENGAGING IN COORDINATED JUDICIAL OBSTRUCTION TO BLOCK APPELLATE REVIEW, THEREBY DEPRIVING APPELLANT OF HER FUNDAMENTAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND A MEANINGFUL APPEAL.

8

{¶ 24} The trial court granted the parties a divorce in a June 30, 2025 final judgment entry and decree of divorce. Mao filed a timely notice of appeal on July 30, 2025. The civil docket statement indicated that the record would include the "SUMMARY OF DOCKET AND JOURNAL ENTRIES ONLY (No transcript, App. R 9 (C) statement, or agreed statement will be filed)." The notice also included a statement that "[a]ppellant has no access to any transcript or App.R. 9(C) substitute, as the trial court barred recording. No public record exists." Despite a final contested divorce hearing having been held on February 18, 2025, no praecipes were filed seeking a transcript.

{¶ 25} An App.R. 11(B) notification was filed on August 20, 2025. No transcript or App.R. 9(C) statement was filed.

{¶ 26} Mao argues that the trial court erred in denying her request for a transcript at the State's expense. Mao's allegations are not part of the record on appeal, so we are unable to address their merits.

{¶ 27} Mao's July 30, 2025 notice of appeal was taken from the trial court's June 30, 2025 final judgment entry and decree of divorce. But in this assignment of error, Mao seeks to challenge an order of the trial court allegedly issued on October 8, 2025. "We may not consider acts that occurred or issues that arose after a notice of appeal was filed." *Fifth Third Bank v. Fin. S. Office Partners, Ltd*., 2010 WL 4703409, *3 (2d Dist. Nov. 19, 2010), citing *In re Beck*, 2002-Ohio-3460, ¶ 21 (7th Dist.).

{¶ 28} Nevertheless, "due process does not require that an indigent civil litigant be provided with a trial transcript at state's expense for purposes of appeal." *Matyaszek v. Howell*, 1987 WL 7890, *2 (8th Dist. Mar. 12, 1987). "Civil due process requires only notice and an opportunity to be heard, not provision of transcripts in civil proceedings." *Jones v. Jones*, 1996 WL 715441, *5 (2d Dist. Dec. 13, 1996). "Instead, provision of transcripts to

9

indigent parties is limited to criminal cases, termination of parental rights, and defense of paternity cases." *Id*. Mao appeals from an order granting a divorce; that proceeding did not concern any of those situations. Bright was granted legal custody of the parties' minor child and designated the residential parent and legal custodian, which is not the same as an involuntary termination of Mao's parental rights by the State. Notably, the State is not a party to this divorce case. Mao retains certain parental rights and responsibilities and was granted extensive parenting time. Mao has not shown that she has a right to a transcript of the final divorce hearing at the State's expense.

**{¶ 29}** Mao's second assignment of error is overruled.

### IV. Conclusion

**{¶ 30}** Having overruled Mao's assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . .

TUCKER, J., and HUFFMAN, J., concur.