Kennedy, J.,
concurring in judgment only.
{¶ 26} I agree with the majority that a grand-jury proceeding constitutes an action for purposes of determining whether a final, appealable order exists pursuant to R.C. 2505.02. However, the fact that an order was issued in a grand-jury proceeding, as opposed to a personal-injury action, is not relevant to a determination as to whether R.C. 2505.02(B)(4) is satisfied. In other words, regardless of whether the type of action in which an order to compel is issued is “unique,” the R.C. 2505.02(B)(4) analysis is unaffected.
{¶ 27} R.C. 2505.02(B)(4) provides that an order that “grants or denies a provisional remedy” is a final appealable order if the order “determines the action with respect to the provisional remedy” and the “appealing party would not be afforded a meaningful or effective remedy by an appeal * * *.” The majority’s conclusion that the order at issue is a final, appealable order pursuant to R.C. 2505.02(B)(4) relies on the lead opinion’s conclusion in Burnham v. Cleveland Clinic, — Ohio St.3d -, 2016-Ohio-8000, — N.E.3d -, which distorts the history of the work-product doctrine, ignores the constitutional underpinnings of Ohio’s work-product doctrine, and misses the nuances of Civ.R. 26. Id. at ¶ 44 (Kennedy, J., concurring in judgment only). Therefore, I concur in judgment only.
*407 {¶ 28} The appellants here moved to quash the subpoenas because the information sought was protected by the “attorney-client privilege, the attorney-work-product doctrine, and the common-interest doctrine.” Majority opinion at ¶ 2. Without determining whether appellants’ attorney-client privilege claim was colorable, the majority, relying on Burnham, held the following: “[Wjhen a party is compelled to produce material protected by the attorney-client privilege, harm extends beyond the actual case being litigated and causes the loss of a right that cannot be rectified by later appeal, and R.C. 2505.02(B)(4)(b) is accordingly satisfied.” Majority opinion at ¶ 22.
{¶ 29} This analysis raises questions. Is the majority declaring that all a litigant need do to trigger a final, appealable order pursuant to R.C. 2505.02(B)(4)(b) is allege that the material sought is protected by the attorney-client privilege? Or does a trial court, in addition to having to determine whether the material is discoverable, also have to determine under which protected category a document falls to know whether the order is a final, appealable order?
{¶ 30} The majority answers appellants’ first proposition of law with the following broad syllabus language. “[A]n order * * * ordering the production of allegedly privileged information is a final order pursuant to R.C. 2505.02(B)(4).” (Emphasis added.) Majority opinion at paragraph two of the syllabus.
{¶ 31} This syllabus language causes confusion. Is the majority declaring that all a litigant need do to qualify the order to release allegedly protected material as a final, appealable order pursuant to R.C. 2505.02(B)(4)(b) is allege that the material sought contains privileged information? Is the majority declaring that a trial court need only determine whether the privilege was adequately “alleged”? By “privileged,” does the majority mean in the “strict” or “loose” sense? See Burnham, — Ohio St.3d -, 2016-Ohio-8000, — N.E.3d -, at ¶ 36 (Kennedy, J., concurring in judgment only). And does the trial court have to concern itself with the “source of the privilege”? Id. at ¶ 44 (Kennedy, J., concurring in judgment only).
{¶ 32} Regardless of how the majority attempts to avoid the problems this court created in Smith v. Chen, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, the time has come to set the matter right. But once again we fail, instead continuing the disservice we have done to the bar and bench that began in Chen. This court now requires “privilege” to be applied in its “strict sense,” rather than its “loose sense,” whatever these concepts mean, to determine whether an order compelling discovery of a privileged document is a final, appealable order. Burnham at ¶ 32 (lead opinion). As a result of this new legal architecture, trial courts must now consider materials protected by attorney-client privilege in a separate framework from those protected by work-product privilege, based on *408 the source to the privilege. Id. Apparently, gray areas do not exist, and such distinctions are obvious.
{¶ 33} Furthermore, Burnham wrongly declared that the work-product privilege did not exist at common law, which is “[t]he body of law derived from judicial decisions, rather than from statutes or constitutions,” Black’s Law Dictionary 334 (10th Ed.2014). This pronouncement ignores a wealth of English case law that “developed the concept of privilege to include all documents prepared by or for counsel with a view to litigation,” Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947), fn. 9. Moreover, it also ignores that the work-product privilege predated Hickman. Id. See also Ex parte Schoepf, 74 Ohio St. 1, 15, 77 N.E. 276 (1906), overruled in part on other grounds, Ex parte Martin, 141 Ohio St. 87, 47 N.E.2d 388 (1943), paragraph four of the syllabus (reports made in anticipation of possible litigation and that were in possession of counsel for use in the suit were privileged). Clearly, the pronouncements of the English courts, see Hickman, and this court fall within the definition of common law.
{¶ 34} The majority’s declaration also ignores the common-law component of the work-product privilege in this state. See Burnham, — Ohio St.3d -, 2016-Ohio-8000, — N.E.3d -, at ¶ 35 (Kennedy, J., concurring in judgment only). The majority ignores our recent acknowledgement that Civ.R. 26 does not incorporate all the work-product doctrine. Squire, Sanders & Dempsey, L.L.P v. Givaudan Flavors Corp., 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 58 (work-product doctrine extends to intangible work product to which Civ.R. 26(B)(3) does not apply). Accordingly, common law controls the resolution of some of this category of disputes.
{¶ 35} Moreover, the majority’s treatment of the work-product privilege diminishes the protection provided under the Civil Rules, notwithstanding that this court’s authority to promulgate the rules is drawn from the Ohio Constitution. See Burnham at ¶ 34 (Kennedy, J., concurring in judgment only). Our procedural rules are controlling unless the legislature enacts a conflicting law that affects a substantive right. See also Morris v. Morris, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 30.
{¶ 36} The parsing of the term “privilege” in Burnham typifies the problem we have brought upon ourselves by failing to recognize that Chen was wrongly decided. In accord with my analysis in Burnham at ¶ 31-79 (Kennedy, J., concurring in judgment only), Chen should be overruled pursuant to the tripartite test in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus.
{¶ 37} Accordingly, I concur in judgment only.
French, J., concurs in the foregoing opinion.
*409 Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer and Christopher D. Schroeder, Assistant Prosecuting Attorneys; and Daniel J. Kasaris, Senior Assistant Ohio Attorney General and Deputy Cuyahoga County Prosecuting Attorney, for appellee.
Walter Haverfield, L.L.P., Ralph E. Cascarilla, and Darrell A. Clay; and Tucker Ellis, L.L.P., and John F. McCaffrey, for appellant partnership.
Martin G. Weinberg, P.C., and Martin G. Weinberg; and Baker Hostetler, L.L.P., George A. Stamboulidis, and Lisa M. Ghannoum, for appellant president.