[Cite as *Evans v. Evans*, 2019-Ohio-4141.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| PAULA EVANS (NKA: CARTER), | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID EVANS, | : | Case No. 18-CA-39 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
Court of Common Pleas, Domestic
Relations Division, Case No. 2013
DR 00220


JUDGMENT:     Dismissed


DATE OF JUDGMENT:     October 3, 2019


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

LISA A. LONG                       DEAN EDWARD HINES
124 W. Main St., Ste. 205           5335 Far Hills Avenue, Suite 313
Lancaster, Ohio 43130              Dayton, Ohio 45429

*Baldwin, J.*

## STATEMENT OF FACTS AND THE CASE

{¶1}   Appellant and appellee were divorced in 2014 and both executed a separation agreement that was incorporated into the decree.  A significant part of the decree granted ownership of a business to Appellant.  Appellant was awarded the business, its assets and, relevant to this case, its liabilities.  The Separation Agreement expressly stated that Appellant would assume responsibility for one particular business liability, delinquent taxes in an amount exceeding $200,000.00.  Appellant accepted this debt in lieu of paying any spousal support, and purportedly was relying on income from the business to retire all debts.  Shortly after the termination of the marriage in 2014, the business closed for reasons not disclosed in the record.

{¶2}   Appellee has been notified that the government expects him to pay the overdue taxes which have increased dramatically with overdue fees and penalties.  In 2017 Appellee filed a contempt motion contending Appellant failed to fulfill her obligation to pay the tax debt.  One year after Appellee filed the motion for contempt, Appellant filed a motion asking for relief from judgment pursuant to Civ.R. 60(B).  The trial court denied the motion and this appeal ensued**.**

{¶3}   The Appellant and Appellee were granted a divorce pursuant to a decree journalized January 14, 2014.  It is evident from the text of the decree that the parties considered this an uncontested matter and that all terms had been negotiated.  The partied waived "the necessity of a Magistrate's Decision being prepared and filed by the Magistrate, service of the same, and further waive the time period for filing objections to said decision as provided by Ohio Civil Rule 53(E) and consent to the immediate approval

and filing of this Judgment Entry/Decree of Divorce in this matter." The Decree is signed by the Magistrate, the Judge, the parties and their counsel.

{¶4} The parties also executed a ten page separation agreement and incorporated it into the Decree. The Separation Agreement contains additional handwritten amendments, initialed by Appellant and Appellee and signed by both parties and their counsel. In Article 13, paragraph G, the Agreement provides that:

> The parties acknowledge that each has had independent legal advice by counsel of his or her own selection, or has been advised to do so; that each fully understands the facts and has been fully informed as to his or her legal rights and obligations; and that having had such advice and with such knowledge, each of them is signing this Agreement freely and voluntarily.

{¶5} Under Article 4, BUSINESS, the parties agreed that Appellant shall have "the businesses known as Paula Evans dba The Embroidery Barn, aka Pacer's (sic) Embroidery Barn, and Carter Evans Enterprises, Inc, together with all its outstanding shares of stock, its tangible and intangible assets, and its liabilities, free and clear of any claim of the Appellee. " Appellant's obligations regarding the business liabilities was supplemented by language in Article 5 B:

> The WIFE shall pay, hold harmless and indemnify the HUSBAND from any and all liability arising out of the following obligations:
>
> ***
>
> 4. Any and all debt and/or liabilities arising out of or relating to WIFE'S businesses, the Embroidery Barn aka Paula's Embroidery Barn and/or Carter Evans Enterprises, Inc., including but not limited to unpaid income taxes, payroll taxes, and/or sales taxes relating to either business and/or

WIFE'S business activities. WIFE has represented that there is due and owing to the State of Ohio unpaid sales tax in the approximate amount of $200,000 relating to WIFE'S businesses, and WIFE agrees to pay, indemnify, and hold HUSBAND harmless on said debt.

{¶6} The parties agreed that all payment obligations described in the Agreement were to be characterized as Domestic Support Obligations and they specifically made reference to the sales tax debt to the State of Ohio. The parties also agreed that payments made by the Appellant were partly in exchange for Appellee forgoing a claim for spousal support and agreed that the terms of this part of the agreement would not be modifiable regardless of any change in the circumstances of either party and that no court would have jurisdiction to modify the terms:

It is understood and agreed that the obligation of the parties to make the payments as set out above is for the maintenance of the respective parties and is an integral part of the financial support agreement between the parties and shall be Domestic Support Obligations between the parties and therefore are nondischargeable under the United States Bankruptcy Code and binding upon and a charge upon the estates of the parties, their executors, administrators, and legal representatives, in the event either should die before said obligations are satisfied in full. The parties expressly acknowledge and agree that the payments set out above by WIFE are partly on account of HUSBAND not making a claim for spousal support against WIFE and therefore, the parties expressly agree, and it is the parties' intent that WIFE's obligation to make the payments and indemnify HUSBAND as set out above, including but not limited to her agreement to pay, hold

harmless and indemnify HUSBAND on the approximately $200,000.00 sales tax debt to the State of Ohio arising out of and/or relating to WIFE'S businesses, the Embroidery Barn aka Paula's Embroidery Barn and/or Carter Evans Enterprises, Inc., is a domestic support obligation and shall not be dischargeable in bankruptcy in any manner, including but not limited to dischargeable in a Chapter 13 bankruptcy.

It is also understood and agreed by the parties that the obligation of maintenance stated in this Article shall not be treated as alimony for income tax purposes and therefore will not be includable in the income of either party under §71 of the Internal Revenue Code or deductible by either party under §215 of the Internal Revenue Code. It is finally understood and agreed by the parties that the obligation of maintenance stated in this paragraph, regardless of any change in the circumstances of either party, is nonmodifiable as to amount or terms by either party and each expresses an intent that no court of law shall have jurisdiction to order any such modification.

{¶7} Appellant represents that her businesses ceased operations in March 2014, but the circumstances of the termination and disposal of the assets of the business are not contained in the record. Appellant also contends that in October 2014 she retained a company to assist her with the tax debt by delivering records to that company. In September 2017, nearly three years later, she asked that company for an update and was allegedly told that her records had been lost. Appellant did not provide an explanation for the three year delay in reaching out to the company retained to assist her,

and the record contains no independent corroboration of the circumstances regarding the purported loss of the records.

{¶8} Appellee filed a Motion for Contempt on May 2, 2017 asking the Appellant to appear and show cause why she had not fulfilled her obligation to pay the sales tax debt as required by the Separation Agreement. In an affidavit attached to the Motion, Appellee noted that the State of Ohio delivered correspondence to him on February 2, 2017 threatening litigation for payment of $351,543.60, the current amount of tax and penalties due for the tax debt of Appellant's companies. Appellee also noted that Appellant's failure to file a 2010 tax return was impacting his ability to mitigate the debt owed to the State.

{¶9} The trial court scheduled an oral hearing on the matter for July 13, 2017. On July 11, 2017 Appellant requested a continuance, claiming that a flood in her home destroyed documents and it would take four months to reconstruct the records. The motion does not clearly limit the damage to 2010 personal records. The hearing was continued to October 2017. After production of some documentation, appellee's trial counsel requested a continuance and the matter was rescheduled for April 6, 2018. On May 24, 2018 Appellant filed a motion to vacate the judgment compelling payment of the tax debt described in the motion for contempt pursuant to Civil Rule 60(B)(4) and 60 (B)(5) and a non-oral hearing was scheduled for July 25, 2018. Appellee filed a memorandum contra and Appellant filed a reply.

{¶10} On July 31, 2018 the trial court denied the motion to vacate the judgment, finding that "from the evidence presented herein, plaintiff clearly had the opportunity to foresee the circumstances she now finds herself. (sic). Pursuant to the case law cited herein, plaintiff is not entitled to relief from judgment under Civil Rule 60 (B)(4) to protect

her from her voluntary, deliberate choices." The trial court also determined that "plaintiff has not produced any extraordinary evidence in this case to warrant relief from judgment under Civil Rule 60 (B)(5)."

{¶11} Appellant filed a timely notice of appeal and submitted one assignment of error:

{¶12} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT TO PLAINTIFF/APPELLANT THE RELIEF SHE REQUESTED PURSUANT TO OHIO CIVIL RULE 60(B)(4) & 60(B)(5)."

## STANDARD OF REVIEW

{¶13} A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this court absent an abuse of discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). However, we will not address the merits of this appeal as we have determined that the trial court lacked jurisdiction to issue its order and we have no final appealable error before us to review.

## ANALYSIS

{¶14} Appellant filed her motion to vacate the judgment citing Sections 4 and 5 of Civ.R. 60(B) claiming that it is no longer equitable that the judgment should have prospective application. She seeks to vacate that portion of the Separation Agreement in which she expressly agreed to pay over $200,000.00 in past due sales taxes partly in exchange for Appellee not requesting spousal support. (Article 5 of the Separation Agreement.) Article 6, paragraph A of the Agreement, captioned SPOUSAL SUPPORT, notes that "[n]either party shall pay spousal support to the other and the parties expressly waive any claim for spousal support, except in the sense as embodied in the provisions

of Article 5 hereof" and that "[t]he provision for spousal support shall not be modifiable by any Court." (Article 6, Paragraphs A and B)  The parties expressly agreed that the portion of the agreement addressing the overdue sales tax would be treated as if it was a support obligation and specifically stated that it was not modifiable and that the trial court would not have jurisdiction to make any modification.  The trial court repeated this provision in the divorce decree by stating "[p]ursuant to the agreement of the parties, spousal support is not subject to the Court's continuing jurisdiction."

{¶15}  In *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 2 (2016), the Supreme Court of Ohio held "that a trial court does not have jurisdiction under Civ.R. 60(B) to vacate or modify an award of spousal support in a decree of divorce or dissolution when the decree does not contain a reservation of jurisdiction to modify the award of *** spousal support pursuant to R.C. 3105.18(E)."  In the case at bar, the Decree not only does not contain a reservation of jurisdiction, but it also expressly provides that jurisdiction is not reserved and that the terms are not modifiable by either party.

{¶16}  Even if the terms of the Separation Agreement were decided to be a division of property rather than support, our decision would remain unchanged.  Revised Code 3105.171(I) imposes the same restriction on jurisdiction: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." We previously concluded that "R.C. 3105.171(I) limits the jurisdiction of the trial court to modify a property division much as R.C. 3105.18(E) limits the jurisdiction of the trial court to modify spousal support." *Sayegh v. Khoury*, 5th Dist. Muskingum No. CT2015-0045, 2017-Ohio-2889, ¶ 95, appeal not allowed, 151 Ohio St.3d 1506, 2018-Ohio-365, 90 N.E.3d 948, ¶ 95 (2018).  Consequently, whether the subject of

the Separation Agreement is support or division of property, the trial court has no jurisdiction to consider a Civ.R. 60(B) motion without an express reservation of jurisdiction within the Agreement.

{¶17} We find that the trial court had no jurisdiction to consider the Appellant's Motion and, therefore the order issued by the trial court is a nullity and there is no final appealable order before us for our consideration. *Gordon v. Gordon,* 5th Dist. Muskingum No. CT2007-0072, 2009-Ohio-177, ¶ 31; *Shirley v. Republic-Franklin Ins. Co.*, 5th Dist. Stark No. 2002CA00255, 2003-Ohio-4025, ¶ 13.

{¶18} The appeal is dismissed.

By: Baldwin, J.

Delaney, P.J. and

Wise, Earle, J. concur.