[Cite as *Kane v. Kane*, 2018-Ohio-3971.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | | |
|---|---|---|---|
| CHARLES P. KANE, | : | **O P I N I O N** | |
| Plaintiff-Appellant, | : | | |
| - vs - | : | **CASE NO. 2017-G-0145** | |
| MARYLU A. KANE, | : | | |
| Defendant-Appellee. | : | | |

Appeal from the Geauga County Court of Common Pleas, Case No. 2013 DC 000971.

Judgment: Affirmed.

*Joyce E. Barrett* and *James P. Reddy, Jr.,* 55 Public Square, Suite 1260, Cleveland, OH 44113 (For Plaintiff-Appellant).

*Marylu A. Kane,* pro se, 3648 Lexington Court, Westlake, OH 44145 (Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Charles P. Kane, appeals from the judgment of the Geauga County Court of Common Pleas, denying his Civ.R. 60(B) motion for relief from judgment without a hearing. At issue is whether the trial court erred in summarily overruling his motion, which sought relief from judgment of an order to pay spousal support journalized in the parties' final decree of divorce. Pursuant to the Ohio Supreme Court's decision in *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, we affirm the trial court.

{¶2} The parties were divorced by final decree on November 9, 2015. The parties, via separation agreement, mutually agreed on appellant's spousal support obligation and this agreement was incorporated into the final decree. The agreement provides:

{¶3} Husband shall pay directly to Wife, as and for spousal support, the sum of Four Thousand Seven Hundred Fifty Dollars ($4,750.00) per month, commencing November 1, 2015, and continuing for a period of seventy-one (71) additional months, subject to earlier termination upon the death of the Husband or Wife, Wife's remarriage, or Wife's cohabitation with an unrelated person * * * Husband and Wife agree that no court of competent jurisdiction shall retain jurisdiction to modify either the amount or duration [of] this spousal support award.

{¶4} The divorce decree expressly reiterated the substance of the foregoing agreed-upon spousal-support obligation, including the explicit declination of jurisdiction to modify the obligation.

{¶5} On November 8, 2016, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), (2), (4), and (5), requesting the court to vacate or modify the spousal-support and property-division provisions of the decree. Appellant argued, due to the profound financial downturn of his two businesses, he was unable to meet his obligations. He claimed his financial troubles were caused by the emergence of two competitor businesses in the immediate vicinity of his businesses. He therefore alleged compliance with the orders was impossible. Appellant requested a hearing at the court's earliest convenience.

{¶6} A hearing was scheduled for January 4, 2017, and continued, at appellee's request, until February 22, 2017. Meanwhile, appellee moved for an "emergency temporary restraining order/escrow of funds." In the motion, appellee sought a restraining order preventing appellant from dissipating proceeds from a real

2

estate sale upon which he was closing. Appellee alleged the proceeds would be approximately $235,000 and appellee claimed, without the order, appellant could expend the funds and deprive her of her support. The magistrate granted the temporary order and the matter was scheduled for hearing on February 22, 2017.

{¶7} On February 21, 2017, appellant filed a voluntary dismissal of his Civ.R. 60(B) motion. After a hearing on appellee's motion for a restraining order, the court enjoined appellant from disposing of $100,000 of the proceeds from the real estate sale and ordered appellant to convey that amount to appellee. The court dissolved the order restraining appellant from obtaining the balance of the proceeds.

{¶8} On October 26, 2017, appellant re-filed his Civ.R. 60(B) motion, arguing the same points. And, on November 28, 2017, the trial court overruled the motion without a hearing. Appellant appeals from this judgment, assigning the following as error:

{¶9} "The trial court erred and abused its discretion when it failed to grant appellant a hearing on his motion for relief from judgment and summarily overruled it."

{¶10} In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 391 (1984), citing *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo, supra*, at 391.

3

{¶11} A trial court is not required to conduct a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief. *Kay v. Glassman, Inc.,* 76 Ohio St.3d 18 (1996). We review a trial court's decision granting or denying a party's motion for relief from judgment for an abuse of discretion. *Strack v. Pelton,* 70 Ohio St.3d 172, 174 (1994).

{¶12} Appellant sought relief, pursuant to Civ.R. 60(B)(1), (2), (4), and (5). Although appellant's first motion for relief, which he dismissed, was filed within a year of the final decree, his second motion was filed well beyond a year from that order. Accordingly, appellant was precluded from seeking relief under Civ.R. 60(B)(1) and (2).

{¶13} Civ.R. 60(B)(4) and (5) provide that relief may be granted if the motion was filed in a reasonable time and:

{¶14} "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

{¶15} In his motion and his appellate brief, appellant emphasizes that the judgment at issue is no longer equitable due to impossibility of compliance. Appellant takes specific issue with his spousal support obligation.[1] Notwithstanding appellant's allegations, R.C. 3105.18(E)(1) provides:

> {¶16} (E) If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage

---

1. Appellant's motion also purported to seek relief from the property division. He did not challenge with particularity which aspect of the property division he felt was inequitable. Similarly, he fails to provide any such detail in his appellate brief. On this basis alone, the issue lacks merit. Regardless, R.C. 3105.171(I) provides: "A division or disbursement of property * * * is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." No such agreement to modification was entered by both spouses. Thus, appellant's nominal request to seek relief from the property division would lack merit even if he made a substantive argument on the issue.

4

action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

{¶17} (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶18} Accordingly, a trial court does not have continuing jurisdiction to modify a spousal support order unless the court specifically reserves jurisdiction in the divorce decree. As discussed above, there was no jurisdictional reservation.

{¶19} Furthermore, in *Morris, supra*, the Ohio Supreme Court held "that a trial court does not have jurisdiction under Civ.R. 60(B) to vacate or modify an award of spousal support in a decree of divorce or dissolution when the decree does not contain a reservation of jurisdiction to modify the award of spousal support pursuant to R.C. 3105.18(E)." *Morris, supra*, at ¶2.

{¶20} In *Morris, supra,* Mr. Morris sought relief from his spousal support obligation pursuant to Civ.R. 60(B)(4) and (5). The trial court concluded relief was not available because the decree did not afford the trial court continuing jurisdiction to modify the award. The Second Appellate District affirmed the judgment, concluding R.C. 3105.18(E) established specific jurisdictional preconditions for modification which were not present in the separation agreement, which was incorporated into the decree of dissolution.

{¶21} The Ohio Supreme Court accepted jurisdiction of a certified conflict on the following issue: "Does a trial court have jurisdiction under Civ.R. 60(B) to vacate or modify an award of spousal support in a decree of divorce or dissolution where the

5

decree does not contain a reservation of jurisdiction to modify the award of spousal support pursuant to R.C. 3105.18(E)?" *Morris, supra*, at ¶1. The Court answered the certified question in the negative, concluding Civ. R. 60(B) may not be used to modify an award of spousal support outside the parameters of R.C. 3105.18(E): The Court observed:

> **{¶22}** Our precedent * * * establishes that substantive law controls the issue of when a trial court has jurisdiction to modify a spousal-support award contained in a decree of divorce or dissolution. R.C. 3105.18(E) is "'that body of law which creates, defines and regulates the rights of the parties,'" to modify an award of spousal support. *Havel* [*v. Villa St. Joseph*], 131 Ohio St.3d 235, 2012-Ohio-552, at ¶16, quoting *Krause v. State*, 31 Ohio St.2d 132 (1972), paragraph one of the syllabus, *overruled on other grounds, Schenkolewski v. Cleveland Metroparks Sys.,* 67 Ohio St.2d 31 (1981).

> **{¶23}** In R.C. 3105.18(E), the General Assembly has established the limits of a trial court's jurisdiction to modify an award of spousal support. And a party's request for modification falls within those statutory limits only if the parties agree or the court orders that jurisdiction be reserved. In other words, the trial court must first determine whether the decree of divorce or dissolution contains a reservation of jurisdiction. If the trial court lacks jurisdiction to modify, then the inquiry of the court ends there. To permit a trial court to exercise jurisdiction on the authority of Civ.R. 60(B) in the absence of a reservation of jurisdiction would make the force of the procedural rule greater in scope than the substantive right the General Assembly established in R.C. 3105.18(E). Because Civ.R. 60(B) is a procedural rule, it cannot override the substantive law of R.C. 3105.18(E). *See* Ohio Constitution, Article IV, Section 5(B). *Morris, supra*, at ¶¶ 56–57.

**{¶24}** The parties agreed, via their separation agreement, to a spousal support award that could not be modified by the court. And the trial court expressly stated, in the final divorce decree, that it did not possess continuing jurisdiction to modify that award. Accordingly, pursuant to *Morris*, the trial court lacked jurisdiction to modify the order via Civ.R. 60(B).

{¶25} Notwithstanding the Supreme Court's statement of law in *Morris*, which we are bound to follow, we note its application could be problematic. For example, a party could engage in fraud or misrepresentation in the negotiation of a spousal support agreement. And if the agreement or decree did not include a jurisdictional reservation, the judgment still survives, and the defrauded party will remain bound by the opposing party's unlawful conduct. In this respect, completely depriving a trial court of subject matter jurisdiction *to consider* a motion for relief from a spousal support obligation, pursuant to Civ.R. 60(B), where there is no jurisdictional reservation to modify the obligation, is troublesome and, under circumstances *not present* in this case, fundamentally unjust. Thus, unless a party has a substantive legal right to be free from fraud or other unlawful conduct, a trial court would be without power to relieve a party from a spousal support judgment obtained through such insidious means unless a jurisdictional reservation exists.

{¶26} Notwithstanding this point, appellant could allege no operative facts to support relief from judgment in this matter. We therefore hold the trial court did not err in denying appellant relief from judgment without a hearing.

{¶27} Appellant's assignment of error is without merit.

{¶28} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

7